IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   CRIMINAL ACTION NO. 2:99-00189-02

RASHAAN JAMAR WATKINS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioner's Motion filed pursuant to *Federal Rule of Civil Procedure* 60(b) [Docket 443] for an order setting aside the order entered March 20, 2000 denying the petitioner's motion to suppress. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact [Docket 450] and recommended that the court treat the petitioner's motion for reconsideration as a successive application for postconviction relief and deny the motion. The petitioner has filed objections to the Magistrate Judge's findings [Docket 456]. After carefully considering the petitioner's objections, the court **ADOPTS** the Magistrate Judge's findings and **DENIES** the petitioner's motion for the reasons explained herein.

The petitioner, Rashaan Jamar Watkins, is serving a 235-month prison term after being convicted at his jury trial for: (1) conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (Count One); and (2) possession with intent to distribute crack cocaine and aiding and abetting the possession with intent to distribute crack cocaine

in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two). After his conviction was affirmed on direct appeal by the Fourth Circuit, the petitioner filed a motion to vacate, set aside, or correct sentence [Docket 269] pursuant to 28 U.S.C. § 2255, which was denied on December 1, 2003 [Dockets 348, 349]. Following the denial of his § 2255 motion, the petitioner unsuccessfully sought a certificate of appealability from the Fourth Circuit. Finally, petitioner filed the instant Rule 60(b) on February 1, 2007 seeking to have the court set aside the court's prior order denying his motion to suppress evidence obtained in the search of an apartment in Charleston, West Virginia. Although the petitioner's current motion is labeled a Rule 60(b) motion, the court agrees with the Magistrate Judge's finding that it is not a challenge to an alleged defect in the petitioner's prior civil habeas proceeding, rather it is an attempt to collaterally attack a ruling in his criminal case. (Prop. Findings at 4.) Specifically, petitioner is once again alleging that fraudulent testimony was given at his pretrial motions hearing and tainted his motion to suppress.

According to the Fourth Circuit, review of successive applications for postconviction relief is available in limited circumstances. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). "In order for these limitations to be effective, courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." *Id*. In the absence of a prefiling certification from the Fourth Circuit, this court lacks subject matter jurisdiction to consider a successive application for postconviction relief. *Id*. at 205. Regardless of how he styles his motion, it is clear that petitioner's motion is a disguised successive application and the Fourth Circuit refused to authorize him to file a such an application. Accordingly, this court lacks subject matter jurisdiction to consider his motion.

The court **DISMISSES** the motion for lack of subject matter jurisdiction and **ORDERS** that the case be stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 5, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE